# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY R. BOYKINS,

    Plaintiff,

v.

C/O FRANK BEEDLE, *et al.*,

    Defendants.

Case No.: 3:19-cv-00485-MMD-WGC

**ORDER**

Plaintiff Anthony Boykins has filed a civil rights complaint, motion for in forma pauperis status, a motion for a preliminary injunction and certain other filings (ECF No. 1). Although Plaintiff's complaint (ECF No. 1-1) has not been screened nor has Plaintiff's indigency status (ECF No. 1) been determined, it appears that Plaintiff's motion for temporary restraining order/preliminary injunction raises issues of alleged denial of medical care relating to "a lump on [Plaintiff's] throat" (ECF No. 1-2 at 1) and a "growth on Plaintiff's cervical spine" about which Plaintiff expresses concern that these conditions may be "cancerous" or indicative of "some other malignant disease." (ECF No. 1-2 at 26.) Plaintiff states he was transported from Ely State Prison to William Bee Ririe Hospital for a CT scan for these conditions but that the scan was "interrupted"

by certain NDOC custodial officers. (*Id.* at 1.)[1]  Based upon these representations, it is possible Plaintiff asserts Eighth Amendment claims for alleged denial of medical care for critical medical issues that are worthy of expedited consideration.

**IT IS THEREFORE ORDERED** that on or before **September 27, 2019**, Plaintiff shall file a supplemental affidavit *specifically* outlining the *critical* medical care which Plaintiff claims is required for his "lump on his throat," the "growth on Plaintiff's cervical spine" which Plaintiff states may be cancerous, or other critical or extremely serious medical care which Plaintiff seeks to address via his motion for temporary restraining order/preliminary injunction.  Plaintiff shall serve the Office of the Attorney General by mailing a copy to:

>The Office of the Attorney General
>100 North Carson Street
>Carson City, Nevada 89701

**IT IS FURTHER ORDERED** that on or before **September 27, 2019**, the Nevada Attorney General's Office shall advise the court whether it will enter a limited notice of appearance on behalf of the Defendants only for the purposes of responding to the motion for temporary restraining order/preliminary injunction.   Additionally, based on the nature of the allegations, Defendants also shall have **21 days** from the date Plaintiff submits his supplemental affidavit to file a response addressing Plaintiff's immediate and/or urgent medical claims and to file under seal medical records *specifically relevant* to Plaintiff's claims.

///

---

[1] Plaintiff's motion also directs the court's attention to his affidavit but the portion of Plaintiff's affidavit discussing the alleged denial of a scan is illegible.  (*See*, e.g., ECF No. 1-3 at pp. 3-6.)

**IT IS FURTHER ORDERED** that if Plaintiff chooses to reply, he shall do so within **14 days** after the Defendants file a response.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve a copy of this order, a copy of Plaintiff's complaint (ECF No. 1-1), a copy of Plaintiff's motion for preliminary injunction (ECF No. 1-2), and Plaintiff's affidavit (ECF No. 1-3) on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to the docket sheet. This does not indicate acceptance of service for any Defendant.

DATED: September 11, 2019.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3