# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BOYKINS, | Case No.: 3:19-cv-00485-MMD-WGC |
| Plaintiff | **Order** |
| v. | |
| C/O FRANK BEEDLE, et. al., | |
| Defendants | |

Plaintiff initiated this action on August 13, 2019, by filing an application to proceed in forma pauperis (IFP) (ECF No. 1), civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1), motion for temporary restraining order (TRO) and/or preliminary injunction (ECF No. 1-2), affidavit in support of his motion for injunctive relief (ECF No. 1-3), motion to extend prison copy work limit (ECF No. 1-4), and notice asking the court to advise of receipt of his motion for TRO/preliminary injunction (ECF No. 1-5).

The motion for TRO/preliminary injunction relates to Plaintiff's claims that is not receiving recommended medical care for a lump on his throat. Specifically, he asserts that he was attending a recommended CT scan for the lump on his throat, when it was interrupted by officers. He also references treatment for his hernia, and briefly references an injury to his right finger.

On September 11, 2019, the court issued an order noting that the court had not yet screened Plaintiff's complaint or determined his indigency status; however, given the assertions made in his motion for injunctive relief, the court ordered Plaintiff to file a supplemental affidavit specifically outlining the critical medical care he claims is required. The court also

ordered the Nevada Attorney General's Office to enter a limited notice of appearance for the purpose of responding to the motion for TRO/preliminary injunction, and gave 21 days from the date Plaintiff files his supplemental affidavit to file a response addressing his motion/affidavit. (ECF No. 4.)

Plaintiff filed his supplemental affidavit on September 23, 2019, which focuses on the lump on his throat and termination of the CT scan that had been recommended by his doctor. It also discusses his claim that he has not been treated for his hernia. (ECF No. 5.)

The Attorney General's Office entered their limited notice of appearance on September 26, 2014 (ECF No. 6), and filed the response to the motion for injunctive relief/affidavit. (ECF Nos. 7, 7-1 to 7-3, 9-1 to 9-4.) They argue that the CT scan was interrupted due to Plaintiff's uncooperative and threatening behavior. Defendants do not address whether Plaintiff has been rescheduled for another CT scan. Nor do they address his contention that he is not receiving treatment for his hernia condition, which has now become enlarged and painful.

On or before **December 6, 2019**, Defendants shall file **under seal** the **relevant** medical records, kites and grievances related to Plaintiff's claim that he is not being treated for his hernia. Plaintiff should also be given a reasonable opportunity to review these records as well as the records submitted by Defendants in response to his supplemental affidavit and motion for TRO/preliminary injunction. Also by **December 6, 2019**, Defendants shall file a declaration by a medical provider with knowledge of Plaintiff's condition that discusses the status of future treatment with respect to the claimed lump on his neck/spine and his hernia.

The court will set the matter for a hearing, and Defendants shall be prepared to have a medical provider with knowledge of these issues present telephonically for the hearing.

On October 23, 2019, Plaintiff filed another motion for TRO and/or preliminary injunction, motion for prisoner release order. (ECF Nos. 11, 11-1, 12, 12-1, 13, 13-1.) Each of these documents is the same but were docketed separately due to the separate relief sought. The filings are 222 pages long. Plaintiff seeks an order restraining or enjoining defendants from using a restraint chair on Plaintiff. The filings, however, contain many statements and exhibits that are completely extraneous to the requested relief. Defendants filed a notice that they will not be responding to these motions as the complaint has not yet been screened and they have not been served, and instead, have only entered a limited notice of appearance pursuant to the court's order to respond to Plaintiff's first motion for TRO/preliminary injunction. (ECF No. 15.) The court agrees that Defendants should not have to respond to these motions until after the court has screened the complaint and service on those defendants against whom Plaintiff is allowed to proceed with claims.

Finally, the court grants Plaintiff's motion to extend his copywork limit and will give him an additional $10 in copywork funds. (ECF No. 1-4.) The Clerk shall send a copy of this order extending copy work to the Chief of Inmate Services for NDOP (P.O. Box 7011 Carson City, NV 89702) so that the funds can be properly allocated.

**IT IS SO ORDERED**.

Dated: November 18, 2019

William G. Cobb
United States Magistrate Judge