# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY BOYKINS,

    Plaintiff,

v.

C/O FRANK BEEDLE, et al.,

    Defendants.

Case No.: 3:19-cv-00485-MMD-WGC

**Order**

Re: ECF Nos. 22, 23

On November 18, 2019, Plaintiff filed another motion for temporary restraining order (TRO)/preliminary injunction (PI), seeking an order that he be moved out of the infirmary. (ECF Nos. 22, 23.)

Plaintiff filed his complaint and first motion for TRO/PI on August 13, 2019. The complaint is in line for screening under 28 U.S.C. § 1915A. The motion for TRO/PI related mainly to an alleged mass on his throat/cervical spine for which he claimed he was to undergo a physician-ordered CT scan, but that was interrupted and terminated by prison staff. He also mentioned a painful hernia condition and injury to his finger. (ECF No. 1-2.) The court ordered Plaintiff to file a supplemental affidavit clarifying the critical medical care he claimed was at issue in that motion. Given that the motion potentially raised the denial of care related to what might be a critical medical issue, the court ordered the Nevada Attorney General's Office to advise whether it would enter a *limited notice of appearance* on behalf of the defendants for the sole purpose of responding to the motion for TRO/PI. (ECF No. 4.) On September 23, 2019, Plaintiff filed his supplemental affidavit (ECF No. 5), and on September 26, 2019, the Attorney General's Office entered a limited

notice of appearance (ECF No. 6). Defendants filed their response to the motion for TRO/PI on October 14, 2019. (ECF Nos. 7, 7-1 to 7-3, 9-1 to 9-4.)

On October 23, 2019, Plaintiff filed 222 pages of documents titled a motion for temporary restraining order and/or preliminary injunction, motion for prisoner release order related to the use of a restraint chair. (ECF Nos. 11, 11-1, 12, 12-1, 13, 13-1.)[1] Defendants, who had entered a *limited* appearance to respond to the first motion for TRO/PI, filed a notice that they would not be responding to those filings absent a court order because the court had not been screened or served. (ECF No. 15.)

On November 18, 2019, the court issued an order relative to additional briefing and a hearing on the initial motion for TRO/PI. The court also addressed the motions for TRO/PI regarding the restraint chair, and ordered that Defendants need not respond to those motions until after the court screened the complaint and it was served on those defendants against whom Plaintiff is allowed to proceed with claims. (ECF No. 18.)

On the same day, Plaintiff filed his latest motion for TRO/PI requesting an order that he be moved out of the infirmary. (ECF Nos. 22, 23.) As the court stated in its previous order, Plaintiff's complaint has not yet been screened under 28 U.S.C. § 1915A to determine whether Plaintiff states claims upon which relief may be granted against any defendant(s) or served on any defendant. The court has ordered the Attorney General's Office to enter a *limited* notice of appearance for the *sole* purpose of responding to Plaintiff's first motion for TRO/PI concerning the alleged mass on his neck and termination of a physician-ordered CT scan of the mass, and his claims that he is being denied treatment for a painful hernia. The other motions for injunctive relief filed by Plaintiff relate to the use of a restraint chair and housing in the infirmary and do not present the same potential

---

[1] These motions are identical, but were docketed separately due to the relief sought.

urgency so as to require another limited appearance and immediate response by the Defendants. Therefore, Defendants need not respond to this latest motion for TRO/PI (ECF Nos. 22, 23) until the complaint has been screened and served. The order screening the complaint will set forth briefing deadlines relative to these subsequent motions for TRO/PI.

**IT IS SO ORDERED**.

Dated: November 20, 2019.

_____
William G. Cobb
United States Magistrate Judge