# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BOYKINS, | Case No.: 3:19-cv-00485-MMD-WGC |
| Plaintiff, | **Order** |
| v. | |
| C/O FRANK BEEDLE, et al., | |
| Defendants. | |

Plaintiff initiated this action on August 13, 2019, by filing an application to proceed in forma pauperis (IFP) (ECF No. 1), civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1), motion for temporary restraining order (TRO) and/or preliminary injunction (ECF No. 1-2), affidavit in support of his motion for injunctive relief (ECF No. 1-3), motion to extend prison copy work limit (ECF No. 1-4), and notice asking the court to advise of receipt of his motion for TRO/preliminary injunction (ECF No. 1-5).

The motion for TRO/preliminary injunction relates to Plaintiff's claims that he is not receiving recommended medical care for a lump on his throat. Specifically, he asserts that he was attending a recommended CT scan for the lump on his throat, when it was interrupted by officers. He also references treatment for his hernia, and briefly references an injury to his right finger.

On September 11, 2019, the court issued an order noting that the court had not yet screened Plaintiff's complaint or determined his indigency status; however, given the assertions made in his motion for injunctive relief, the court ordered Plaintiff to file a supplemental affidavit specifically outlining the critical medical care he claims is required. The court also ordered the Nevada Attorney General's Office to enter a limited notice of appearance for the purpose of responding to

the motion for TRO/preliminary injunction, and gave 21 days from the date Plaintiff files his supplemental affidavit to file a response addressing his motion/affidavit. (ECF No. 4.)

Plaintiff filed his supplemental affidavit on September 23, 2019, which focuses on the lump on his throat and termination of the CT scan that had been recommended by his doctor. It also discusses his claim that he has not been treated for his hernia. (ECF No. 5.)

The Attorney General's Office entered their limited notice of appearance on September 26, 2014 (ECF No. 6), and filed the response to the motion for injunctive relief/affidavit with approximately 100 pages of medical records, many of which are not particularly relevant to the issues at hand. (ECF Nos. 7, 7-1 to 7-3, 9-1 to 9-4.) They argue that the CT scan was interrupted due to Plaintiff's uncooperative and threatening behavior. Defendants did not address whether Plaintiff has been rescheduled for another CT scan. Nor did they address his contention that he is not receiving treatment for his hernia condition, which he claims has now become enlarged and painful.

On November 18, 2019, the court ordered Defendants to file under seal the **relevant** medical records, kites and grievances related to Plaintiff's claim that he is not being treated for his hernia, and to give Plaintiff a reasonable opportunity to review these records as well as the records submitted in response to Plaintiff's supplemental affidavit and motion for TRO/preliminary injunction. In addition, the court ordered Defendants to file a declaration by a medical provider **with knowledge of Plaintiff's condition that discusses the status of future treatment with respect to the claimed lump on his neck/spine and his hernia**. The court indicated it would set the matter for hearing, and ordered Defendants to have a medical provider **with knowledge of these issues** present telephonically for the hearing. (ECF No. 18.) The court set a hearing for December 13, 2019. (ECF No. 19.)

On December 5, 2019, Defendants filed a notice indicating they had filed under seal the relevant medical records, kites and grievances related to the claim he was not being treated for his hernia, and that Plaintiff would need to kite the warden's office to review the records. In addition, they submitted the Declaration of Gloria Carpenter, who is the Director of Nursing Services at ESP. (ECF No. 27, 27-1.) She stated in her declaration that on April 15, 2019, Plaintiff was transported to the hospital for the CT scan, but it could not be completed due to Plaintiff being verbally abusive to an officer and medical staff resulting in his removal. The CT scan was eventually performed on November 21, 2019. She also noted that Plaintiff had been admitted to the hospital on November 27, 2019, for a lesion/abscess on his right hip, which required surgery. When he returned, he was admitted to the infirmary for post-surgical care. He was seen for his hernia on November 26, 2019, by nursing sick call, but she states that he refused the hernia belt. (ECF No. 27-1.) There was no mention in her declaration of the results of the November 21 CT scan. Defendants submitted some 195 pages of records in response to the court's order, and again, the vast majority of them have no relevance to the lump of Plaintiff's throat/cervical spine or his hernia. (ECF Nos. 28, 28-1.)[1]

The court held the hearing on December 13, 2019. Deputy Attorneys General Olson and Rands were present in the courtroom on behalf of Defendants and Nurse Carpenter and Plaintiff appeared telephonically. It became readily apparent that despite the court's orders that they be prepared to address these issues at the hearing, neither the Deputy Attorneys General present in the courtroom nor Ms. Carpenter were knowledgeable about the care Plaintiff had received relative to the lump on his throat/cervical spine or hernia or plans for future treatment, if any.

---

[1] In this submission of Plaintiff's "relevant" medical records, it appears that only three pages pertain to the two pertinent medical issues. (ECF No. 28-1 at 79.)

As a result, the court adjourned the hearing and issues the instant order.

On or before **January 10, 2020**:

(1) Defendants must file a declaration from Dr. Hanf stating what treatment Plaintiff has received relative to the lump in his throat/cervical spine and hernia, what the relevant diagnoses are, and what the treatment plans are for each of these two issues.

(2) Defendants must file **under seal** (no need to file a motion for leave) **only the records relevant to these two limited issues**. The court will set another hearing on this matter.

(3) Defendants must ensure that Plaintiff is given a reasonable opportunity to review these records and Dr. Hanf's declaration in advance of the hearing.

(4) Dr. Hanf must appear for the hearing and may do so telephonically or in person. The Deputy Attorney General must appear in person. Dr. Hanf as well as the Deputy Attorney General must be knowledgeable about these issues and be prepared to discuss them in detail.

(5) Defendants must ensure that at the time of the hearing, Plaintiff has copies of the relevant records and reports to utilize and reference during the hearing.

**IT IS SO ORDERED**.

Dated: December 13, 2019.

William G. Cobb
United States Magistrate Judge