UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY R. BOYKINS,

                   Plaintiff,

v.

AMANDA ALRED, *et al.*,

                   Defendants.

Case No. 3:19-cv-00485-MMD-WGC

ORDER

**I.    SUMMARY**

Plaintiff Anthony R. Boykins, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action *pro se* under 42 U.S.C. § 1983 by filing an application to proceed in forma pauperis ("IFP Application"). (ECF No. 1.) The Court has not screened Plaintiff's proposed complaint as required under 28 U.S.C. § 1915A. However, because Plaintiff attached with his IFP Application a motion for temporary restraining order and/or preliminary injunction ("TRO/PI Motion") (ECF No. 1-2), United States Magistrate Judge William G. Cobb addressed that motion first in a Report and Recommendation ("R&R") (ECF No. 79). In the R&R, Judge Cobb recommends that the Court deny Plaintiff's TRO/PI Motion (ECF No. 1-2), strike Plaintiff's reply brief (ECF No. 63), and deny Plaintiff's motion to consolidate the hearing with the trial on the merits (the "Motion to Consolidate") (ECF No. 67). Plaintiff filed an objection to the R&R.[1] (ECF No. 85.) As discussed further below, the Court agrees with Judge Cobb's reasoning and adopts the R&R in full.

///

---

[1] Defendants have not responded to Plaintiff's objection or the R&R. However, Defendants' counsel only entered a limited appearance for purposes of responding to the Motion for TRO in response to the Court's order (ECF No. 4). (ECF No. 6.)

## II. BACKGROUND

The Court adopts the facts as outlined in the R&R and does not recite them here. (*See* ECF No. 79 at 1-8, 10-14, 16-18.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); Fed. R. Civ. P. 72, Advisory Committee Notes (1983)

## IV. DISCUSSION

In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt Judge Cobb's R&R in full and overrules Plaintiff's objection.[2]

Temporary restraining order ("TROs") are governed by the same standard applicable to preliminary injunctions ("PIs"). *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F. 3d 832, 839 n.7 (9th Cir. 2001*).* "'An injunction is a matter of equitable

---

[2]Judge Cobb recommends that the Court strike Plaintiff's 35-page reply (ECF No. 63) because Plaintiff did not seek leave of court to file in excess of the 12-page limit. (ECF No. 79 at 7.) *See* LR 7-3. Furthermore, Judge Cobb found that the reply does not relate to the issues that are the subject of the TRO/PI Motion. (ECF No. 79 at 7.) Judge Cobb also recommends that the Court deny the Motion to Consolidate as premature because Plaintiff's Complaint has not yet been screened nor has Plaintiff's indigency status been determined. (*Id*. at 8.) Plaintiff does not object to these recommendations. (*See generally* ECF No. 85.) The Court agrees with Judge Cobb and will therefore strike Plaintiff's reply (ECF No. 63) and deny the Motion to Consolidate (ECF No. 67).

discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for either a TRO or PI, a plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Plaintiff filed his TRO/PI Motion seeking medical treatment for a lump or mass on his cervical spine and for his hernia. (ECF No. 1-2.) Judge Cobb recommends that the Court deny the TRO/PI Motion as moot with regard to Plaintiff's cervical spine because a CT scan was performed in November 2019 and it revealed that there is no tumor or "any abnormal contrast enhancing mass." (ECF No. 79 at 15.) Judge Cobb also found that Dr. Hanf's conservative treatment of Plaintiff hernia was similar to the treatment in *Hamby v. Hammond*, which the Ninth Circuit held was not an Eighth Amendment violation. (*Id.* at 22.) *See Hamby v. Hammond*, 821 F.3d 1085, 1096 (9th Cir. 2016) (holding there is no Eighth Amendment violation where a doctor refused to authorize surgery and instead treated an inmate's hernia with monitoring, a hernia belt, medication, and education). As such, Judge Cobb recommends that the Court deny the TRO/PI Motion as to Plaintiff's hernia.

Plaintiff's sole objection is that he must immediately see a neurosurgeon because there is uncertainty regarding the possible damage to Plaintiff's cervical spine due to the delay in Plaintiff's treatment. (ECF No. 85 at 4.) Plaintiff further objects that the University Medical Center recommended that Plaintiff see a neurosurgeon two years ago, Plaintiff has not yet been diagnosed, and that Plaintiff faces a risk of being permanently paralyzed. (*Id.* at 5-7, 11.) Even if the Court accepted Plaintiff's arguments, they at best establish a possibility—not a likelihood—of irreparable harm. Furthermore, a neurosurgeon referral has already been made, approved, and is pending. (ECF No. 79 at 16 ("[T]here may be significant delays in Plaintiff seeing the neurosurgeon for a variety of reasons related to

3

the [COVID-19] pandemic.").) The Court therefore overrules Plaintiff's objection and denies the TRO/PI Motion.

**V.     CONCLUSION**

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Report and Recommendation of Judge Cobb (ECF No. 79) is accepted and adopted in full.

It is further ordered that Plaintiff's Motion for TRO/PI (ECF No. 1-2) is denied.

It is further ordered that Plaintiff's reply brief (ECF No. 63) is stricken.

It is furthered ordered that Plaintiff's motion to consolidate the hearing with the trial on the merits (ECF No. 67) is denied.

DATED THIS 12th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE