# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY R. BOYKINS,

    Plaintiff

v.

AMANDA ALRED, et. al.,

    Defendants

Case No.: 3:19-cv-00485-MMD-WGC

**Order**

Re: ECF Nos. 39/40

    Plaintiff initiated this action on August 13, 2019, by filing an application to proceed in forma pauperis (IFP) (ECF No. 1), civil rights complaint (ECF No. 1-1), motion for temporary restraining order (TRO) and preliminary injunction (PI) (ECF Nos. 1-2, 1-3). While the complaint had not yet been screened, nor his indigency status determined, the court indicated that his motion for TRO/PI raised a potentially serious medical issue that possibly warranted expedited consideration. Therefore, the court directed Plaintiff to file further briefing on the issues for which he sought injunctive relief, and ordered the Attorney General's Office to advise the court whether it would enter a limited notice of appearance for the purposes of responding to the motion for TRO/PI. (ECF No. 4.)

    Defendants entered their limited notice of appearance on September 26, 2019, noting that after screening of the complaint they would make a formal appearance and accept service on behalf of those Defendants. (ECF No. 6.)

    On October 23, 2019, Plaintiff filed another motion for TRO/PI to preclude Defendants from using a restraint chair on Plaintiff. (ECF Nos. 11/12/13.) In another order, the court noted that while Plaintiff seeks an order enjoining defendants from using a restraint chair on him, the

filings were over 200 pages long and contained many statements and exhibits that are extraneous to the requested relief. Moreover, the complaint had not yet been screened to determine what claims and defendants would proceed. Therefore, the court indicated that Defendants did not need to respond to these motions until after the court screened the complaint and service was completed. (ECF No. 18 at 3.)

On November 18, 2019, Plaintiff filed another motion for TRO/PI asking for an order that he be moved out of the infirmary. (ECF Nos. 22, 23.) The court also ordered that Defendants need not file a response to the motion until the complaint had been screened and service was completed. (ECF No. 25.)

On December 20, 2019, Plaintiff filed another motion for TRO/PI asking for an order that Defendants schedule Plaintiff to see a neurologist. (ECF No. 36.) The court denied that motion without prejudice because it overlapped with his first motion for TRO/PI. (ECF No. 37.)

On January 6, 2020, Plaintiff filed a motion for TRO/PI seeking an order that his cane be returned. (ECF Nos. 39/40.) That motion is the subject of this order.

On January 21, 2020, Plaintiff filed a motion for TRO/PI asking for his psychiatric medications and to be transferred from Ely State Prison. (ECF Nos. 48/49.)

After requiring several rounds of briefing and hearings, the court issued a report and recommendation that Plaintiff's first motion for TRO/PI (ECF No. 1-2) be denied (ECF No. 79), which District Judge Du adopted (ECF No. 88).

Plaintiff recently filed an additional motion for TRO/PI seeking an order that Defendants be required to send him to a neurosurgeon. (ECF Nos. 92/93, supplements at ECF Nos. 97, 98.)

1    District Judge Du has now issued an order screening Plaintiff's complaint. (ECF No. 99.)
One of the claims allowed to proceed is an Eighth Amendment claim for deliberate indifference
to his serious medical need against Kerner, Southworth, Alred, and Reubart, based on allegations
that they knew he needed a cane but have not allowed him to have a cane. (*Id.* at 29.) The
screening order also denied the motions for TRO/PI at ECF Nos. 11/12/13, 22/23, and 48/49. (*Id.*
at 34-35.) District Judge Du ordered that the case is stayed so that the parties may participate in
in the early mediation program.

   Still pending then, are Plaintiff's motions for TRO/PI at 39/40 and 92/93. The court will
require Defendants to file a response to Plaintiff's pending motion for TRO/PI at ECF Nos.
39/40.  The response will not constitute a general appearance, but is only a limited appearance
for the purpose of responding to the motion for TRO/PI at ECF Nos. 39/40. Briefing on the final
motion for TRO/PI at ECF Nos. 92/93 will be addressed after the stay has been lifted.

   Therefore, Defendants have up to and including **July 10, 2020**, to file and serve on
Plaintiff a response to ECF Nos. 39/40, which shall only address Plaintiff's contention that he has
been improperly denied a cane in violation of his rights under the Eighth Amendment.
Defendants shall submit under seal *only* the medical records *relevant* to Plaintiff's claim that he
was improperly denied a cane. If it would be of assistance, and there is a medical provider with
knowledge of Plaintiff's medical condition relative to the cane, Defendants shall submit a
declaration of that person describing Plaintiff's medical conditions that he claims warrant the use
of a cane, whether his condition requires the use of a cane, and/or why he has not been allowed a
cane. Defendants shall ensure that Plaintiff is immediately given ample opportunity to review
both the response and any medical records, declarations or other evidence filed in connection
with their response.

Plaintiff has up to and including **July 20. 2020**, to file and serve a reply brief in support of his motion for TRO/PI at ECF Nos. 39/40. The reply brief shall address **ONLY** Plaintiff's claim that he was improperly denied a cane. It shall not raise other issues or claims, and it shall not include or reference exhibits or evidence that do not relate to this issue. If Plaintiff fails to heed the court's instruction, his reply brief may be stricken and not considered by the court. In addition, Plaintiff is reminded that a reply brief (other than to a motion for summary judgment) is limited to **12 pages,** excluding exhibits. LR 7-3 (b). The court disfavors motions to exceed page limits, and permission to do so will not be routinely granted. The court will not consider any pages filed in excess of the page limits.

**There will be no extensions of the deadlines in this Order**.

**IT IS SO ORDERED**.

Dated: June 25, 2020

William G. Cobb
United States Magistrate Judge