UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY R. BOYKINS,

    Plaintiff

v.

AMANDA ALRED, et. al.,

    Defendants

Case No.: 3:19-cv-00485-MMD-WGC

**Order**

Re: ECF Nos. 39/40

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He initiated this action in August of 2019, by filing an application to proceed in forma pauperis (IFP) (ECF No. 1), civil rights complaint (ECF No. 1-1) and motion for TRO and PI (ECF Nos. 1-2, 1-3). While the complaint had not yet been screened, nor his indigency status determined, the court indicated that his motion for TRO/PI raised a potentially serious medical issue that possibly warranted expedited consideration. Therefore, the court directed Plaintiff to file further briefing on the issues for which he sought injunctive relief, and ordered the Attorney General's Office to advise whether it would enter a limited notice of appearance for the purpose of responding to the motion for TRO/PI. (ECF No. 4.)

Defendants entered a limited notice of appearance on September 26, 2019, noting that after screening of the complaint they would make a formal appearance and accept service on behalf of the defendants against whom the action was allowed to proceed. (ECF No. 6.)

Ultimately, after requiring several rounds of briefing and hearings, the court issued a report and recommendation that Plaintiff's first motion for TRO/PI be denied (ECF No. 79), which Chief District Judge Du adopted (ECF No. 88).

Subsequently, Plaintiff filed numerous other motions seeking injunctive relief, including the motions that are the subject of this Order. (*See* ECF Nos. 11/12/13, 22/23, 36, 39/40, 48/49, 92/93 with supplements at 97/98.)

Chief Judge Du issued a screening order on June 24, 2020. One of the claims allowed to proceed is an Eighth Amendment claim for deliberate indifference to serious medical needs against Kerner, Southworth, Alred, and Reubart, based on allegations that they knew Plaintiff needed a cane but have not allowed him to have a cane. (ECF No. 99 at 29.) Chief Judge Du also denied the motions for TRO/PI at ECF Nos. 11/12/13, 22/23, and 48/49, and ordered the case stayed so the parties may participate in the early mediation program. Still pending are the motions for TRO/PI at ECF Nos. 39/40 and 92/93, as well as a more recently filed motion for TRO at ECF No. 102.

On June 25, 2020, the undersigned issued an order requiring Defendants to file a response to the motions for TRO/PI at ECF Nos. 39/40, and indicated that briefing on the motions for TRO/PI at ECF Nos. 92/93 would be addressed after the stay has been lifted. (*See* ECF No. 101.) The court ordered Defendants to file a response to ECF Nos. 39/40 addressing only Plaintiff's contention that he has been improperly denied a cane in violation of his rights under the Eighth Amendment. The court also ordered Defendants to submit under seal only those medical records that are relevant to this issue. In addition, if it would be of assistance and there was a medical provider with knowledge relative to Plaintiff's medical condition concerning his cane, the court directed Defendants to submit a declaration describing Plaintiff's medical conditions that he

claims warrant the use of a cane and addressing whether his condition requires the use of a cane, and, if so, why he has not been allowed a cane. Defendants were further ordered to ensure Plaintiff be given ample opportunity to review both the response and any medical records, declarations or other evidence file in connection with the response so Plaintiff could file his reply brief in accordance with the briefing deadline. Finally, the court cautioned Plaintiff that his reply brief should only address his claim he was improperly denied a cane, and was reminded that his reply brief was limited to 12 pages, excluding exhibits. (ECF No. 101.)

Defendants filed their response and supporting exhibits, which included exhibits filed under seal. (ECF Nos. 103, 103-1, 103-2, and sealed exhibits 105-1 to 105-7.)[1] Plaintiff filed a reply. (ECF No. 109.)

In his reply brief, Plaintiff states that he was not given access to the exhibits filed under seal even though the order explicitly directed Defendants to ensure Plaintiff was given ample time to review Defendants' response and any exhibits filed in support of the motion so that he could file his reply brief under the briefing schedule. Plaintiff has filed a motion for sanctions on this basis. (ECF No. 111.)

In addition, a notice of appearance of counsel for Plaintiff was just entered by Corey Beck, Esq. (ECF No. 112), and the parties are scheduled to participate in an early mediation conference on September 29, 2020.

In light of the foregoing, Plaintiff's motion for TRO/PI (ECF Nos. 39/40) will be denied without prejudice and re-filed as of the date of this Order; the previously filed response along with the corresponding exhibits, and reply brief, will be construed as applying to the re-filed

---

[1] A separate order has been issued granting Defendants' motion for leave to file certain exhibits under seal.

motions; Defendants will be directed to serve Plaintiff's counsel with the sealed exhibits in accordance with Local Rules LR IA 10-5 and LR IC 4-1(c); and Plaintiff's counsel will be allowed to file a supplemental reply brief.

## II. CONCLUSION

(1) Plaintiff's motions for TRO/PI at ECF Nos. 39/40 are **DENIED WITHOUT PREJUDICE**, and the Clerk shall administratively **RE-FILE** the motions as of the date of this Order. The previously filed response (ECF Nos. 103) and corresponding exhibits (ECF Nos. 103-1, 103-2, and 105-1 to 105-7), and reply brief (ECF No. 109), are deemed to apply to the re-filed motions.

(2) Defendants shall immediately **SERVE** Plaintiff's counsel with the sealed exhibits in accordance with Local Rules LR IA 10-5 and LR IC 4-1(c); and

(3) Plaintiff's counsel has **30 days** from the date of this Order to file a supplemental reply brief.

**IT IS SO ORDERED**.

Dated: September 23, 2020

_____
William G. Cobb
United States Magistrate Judge