# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY BOYKINS,

    Plaintiff

v.

C/O FRANK BEEDLE, et. al.,

    Defendants

Case No.: 3:19-cv-00485-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court recommends that this action be dismissed as a result of Plaintiff's failure to keep the court apprised of his address or otherwise indicate an intent to continue to prosecute this action.

## I. BACKGROUND

When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) He filed a motion for temporary restraining order/preliminary injunction relative to an alleged denial of medical care for a lump or growth on his neck/cervical spine as well as a hernia. Before the court screened the complaint, it required further briefing on that motion and held a hearing. (ECF Nos. 4, 5, 7, 9, 18, 19, 28, 31.) The court conducted several hearings and required additional briefing and evidence, and eventually recommended that the

motion be denied, which was adopted by District Judge Du. (*See* ECF Nos. 31, 32, 51, 57, 58, 59, 62, 79, 88.)

On June 24, 2020, District Judge Du issued an order screening the complaint. (ECF No. 99.) In the interim, Plaintiff had filed many other motions for injunctive relief, and motions seeking sanctions throughout this litigation, and District Judge Du warned Plaintiff about filing excessive motions, including duplicative motions. (ECF No. 99 at 35.) Plaintiff was allowed to proceed with Eighth Amendment claims for excessive force, deliberate indifference regarding conditions of confinement, serious medical needs and to his future health and safety against defendants Chung, Stolks, Stubbs, Searle, Beedle, Sharp, Drummond, Gittere, Reubart, Mesa, Southworth, Kerner, Alred, and Jones. (*Id*. at 36.) Most of the outstanding motions for injunctive relief were denied. (*Id*.)

On September 22, 2020, Corey B. Beck, Esq., entered an appearance on Plaintiff's behalf. (ECF no. 112.) Mr. Beck filed a status report and withdrew many of the motions that remained pending before the court. (ECF No. 100.) The court held a status conference on November 4, 2020, and Mr. Beck agreed to file a revised complaint on or before December 18, 2020. (ECF No. 132.)

On November 13, 2020, Mr. Beck filed a motion to withdraw. (ECF No. 133.) The court ordered Mr. beck to serve the motion on his client in accordance with Local Rule IA 11-6(b), noting that NDOC's website reflected that the Plaintiff had been released and there was no indication the motion was served on him. The court further directed Mr. Beck to file a proof of service, and gave Plaintiff 14 days from the time of service to file a response to the motion, if he desires. The court also directed Plaintiff to comply with Local Rule IA 3-1 and file a written

notification of his change of address, and directed Mr. Beck to serve a copy of the order on Plaintiff. (ECF No. 136.)

Mr. Beck filed a declaration stating that he spoke with his client about picking up the court papers, and also served the documents the court directed on the address Plaintiff provided, and filed the certificates of service. (ECF Nos. 137, 138-140.)

The court granted Mr. Beck's motion to withdraw, and ordered all documents to be served on Plaintiff at the address provided in Mr. Beck's certificate of service. (ECF No. 141.) That order was served on Plaintiff at that address, but was returned as undeliverable. (ECF No. 142.) To date, Plaintiff has not filed a notice apprising the court of his current address. Nor has Plaintiff filed any other document indicating an intent to continue to prosecute this action now that he has been released. Therefore, the court recommends dismissal of this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In addition, Local Rule IA 3-1 provides that a plaintiff must immediately file written notification of any change of address, and the failure to do so may result in dismissal of the action, default judgment or other sanction as deemed appropriate by the court.

Plaintiff has not filed written notification of a change of address, and has not otherwise indicated an intent to prosecute this action after being released from prison.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or apprise the court of his current address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff or any notification of his current address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Dismissal is also appropriate under Local Rule IA 3-1, which advises a litigant that a failure to keep the court apprised of his current address may result in dismissal of the action.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** as a result of Plaintiff's failure to prosecute and keep the court apprised of his current address.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 18, 2020

William G. Cobb
United States Magistrate Judge